IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                            Case No. 4:15-cr-00276 KGB

KHALID S.A. ALKARSH, *et al*.                                   DEFENDANT

ORDER

Before the Court are defendant Khalid S.A. Alkarsh's motion and supplemental motion for travel order (Dkt. Nos. 273, 275). Mr. Alkarsh is under indictment for allegedly conspiring to defraud knowingly and intentionally the United States Department of Agriculture ("USDA") of money from the Supplemental Nutrition Assistance Program ("SNAP") by claiming that he and his business were legitimately entitled to reimbursement for SNAP benefit redemptions with a value of $100 or more, when in truth and fact defendants were trading cash and ineligible items for SNAP benefit redemptions in violation of 7 U.S.C. § 2024(c) (Dkt. No. 3). The indictment also alleges specific overt acts were committed by Mr. Alkarsh, along with others, in violation of 18 U.S.C. § 371 and that Mr. Alkarsh, along with others, purportedly engaged in conduct in violation of 7 U.S.C. § 2024(b) and 18 U.S.C. § 2 (Dkt. No. 3). Mr. Alkarsh is awaiting trial; the Court makes no finding on the allegations pending against him.

On November 19, 2015, United States Magistrate Judge Patricia Harris entered an order setting Mr. Alkarsh's conditions of release pending trial (Dkt. No. 22). In Judge Harris's Order, she did not require Mr. Alkarsh to remain in custody while he awaited trial but did require him to surrender his passport and to remain in the Eastern District of Arkansas, along with various other requirements (Dkt. No. 22).

On June 28, 2016, Mr. Alkarsh filed his original motion for travel order (Dkt. No. 273), to which the government objected (Dkt. No. 274). Subsequently, Mr. Alkarsh filed his supplemental motion for travel order, representing that the government no longer objected to his request (Dkt. No. 275). According to Mr. Alkarsh's motion and information the Court has garnered from the United States Probation Office, Mr. Alkarsh wishes to travel to Dearborn, Michigan, until August 1, 2016, to visit his family. The government opposed the initial motion before Mr. Alkarsh provided to the Court and the government additional information (Dkt. No. 275). The Court communicated with counsel for all parties via email on July 8, 2016, and on subsequent dates thereafter to inform them of the Court's understanding of Mr. Alkarsh's supplemental motion for travel order, to confirm the parties' positions, and to raise with the parties a few of the Court's concerns so that the parties could address those concerns.

In that email exchange, counsel for Mr. Alkarsh as well as United States Probation Officer Sophia Morris provided to the Court and the government additional information regarding Mr. Alkarsh's travel plans. It is unclear to this Court whether Mr. Alkarsh is a United States citizen. The United States Probation Office reports that he is a citizen of Yemen but has a green card and is in the United States legally. The government represents that, according to "DHS" which this Court understands to be the Department of Homeland Security, Mr. Alkarsh is a United States citizen, born in Yemen. At a minimum, all agree that in compliance with Judge Harris's Order, Mr. Alkarsh has surrendered his passport to the United States Probation Office (Dkt. No. 22).

The Court raised concerns related to this because of the risk of flight. Mr. Alkarsh's counsel represents that, since being placed on pretrial conditions, Mr. Alkarsh has not attempted to flee. The government represents that, in regard to this concern, it has no new information to

provide to the Court and no basis to believe that Mr. Alkarsh is more likely to flee from Michigan than from Helena-West Helena.

Mr. Alkarsh represents that his wife and children are in Michigan with his parents, and he will be staying with them at his parents' house, until August 1, 2016. Mr. Alkarsh has represented to the Court that he plans to leave the day after the Court grants his request, if the Court opts to do so. In addition, Mr. Alkarsh provided to the Court contact information for a man purporting to be Mr. Alkarsh's brother, Tahir Alkarsh, with whom Ms. Morris has spoken and who represents that he lives in the residence with Mr. Alkarsh's parents, where Mr. Alkarsh plans to stay. Tahir Alkarsh confirmed for Ms. Morris the address provided by Mr. Alkarsh and confirmed that Mr. Alkarsh's wife and children are currently at that residence visiting. Tahir Alkarsh also informed Ms. Morris that he is amenable to the United States Probation Office contacting him in the event that Ms. Morris cannot reach Mr. Alkarsh while he is in Michigan.

With this additional information, the government now represents to the Court that it wishes to leave the decision of whether to grant Mr. Alkarsh's supplemental motion to travel to the Court's discretion.

The Court grants Mr. Alkarsh's supplemental motion (Dkt. No. 275) under certain conditions. The Court denies as moot Mr. Alkarsh's initial motion (Dkt. No. 273). This Court grants to Mr. Alkarsh the limited relief specified in this Order from the pretrial restriction that he remain in the Eastern District of Arkansas pending trial. The Court will allow Mr. Alkarsh to travel to Dearborn, Michigan, on or after July 14, 2016, and to return to the Eastern District of Arkansas on or before August 1, 2016. He must travel directly to Dearborn, Michigan, from the Eastern District of Arkansas; he is not permitted to travel to any other destination without prior written approval from the United States Probation Office or this Court. While in Dearborn,

Michigan, Mr. Alkarsh is permitted to stay with his parents at their residence; during his stay in Dearborn, Michigan, he is not permitted to stay or reside at any other location without prior written approval from the United States Probation Office or this Court. The Court orders that, during his stay in Dearborn, Michigan, Mr. Alkarsh communicate with his supervising probation officer, Ms. Morris, or her designee by telephone every Monday, Wednesday, and Friday or as otherwise directed by the United States Probation Office or this Court. All other conditions of release pending trial previously imposed upon Mr. Alkarsh by Judge Harris remain in full force and effect (Dkt. No. 22).

So ordered this 14th day of July, 2016.

_____
Kristine G. Baker
United States District Judge